IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH ANTHONY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13CV449-MHT |
| | ) | |
| STATE OF ALABAMA LEGISLATIVE | ) | |
| REFERENCE SERVICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In a complaint filed on June 25, 2013, plaintiff Deborah Anthony – an attorney representing herself – asserts Title VII claims against defendant State of Alabama Legislative Reference Service ("LRS") for race and sex discrimination. (Doc. # 1). By amendment filed on October 7, 2013, she adds claims pursuant to 42 U.S.C. § 1983 against Jerry Bassett, the LRS director, in both his individual capacity and his official capacity, asserting that he violated her right to equal protection by terminating her employment based on her race, gender, and/or age. (Doc. # 18). Plaintiff specifies that she sues Bassett in his individual capacity for damages and in his official capacity for declarative, injunctive, and other equitable relief. (Id., ¶ 6). This action is presently before the court on defendants' motion to dismiss (Doc. # 15). Upon consideration of the motion, the court concludes that it is due to be granted in part and denied in part.

**State of Alabama Legislative Reference Service**

The LRS moves to dismiss all claims, other than those asserted against it under Title

VII, on the basis of its Eleventh Amendment immunity.  However, plaintiff asserts only Title VII race and gender discrimination claims against the LRS.  (See Doc. ## 1, 18).  The LRS further argues that the complaint, as amended, fails to state Title VII claims; however, LRS does not explain why this is so.  (Doc. # 16, pp. 3-5).  Plaintiff alleges that she is an African-American female, that LRS terminated her employment, and that Bassett made the decision to terminate plaintiff's employment based on her race and gender.  (Doc. # 1, ¶¶ 6, 9; Doc. # 18, ¶¶ 11, 17).  She points to two comparators – Caskey and Strickland – who are white, male, senior attorneys/legislative analysts who also work for Bassett and were not laid off.  (Doc. # 1, ¶ 9).  The allegations of plaintiff's complaint, as amended, are sufficient to state Title VII claims.  See 42 U.S.C. § 2000e-2(a)(1).  Thus, the motion to dismiss is due to be denied as to defendant LRS.

### Jerry Bassett in his Official Capacity

Defendant Bassett, in his official capacity, argues that plaintiff may not maintain Title VII claims against him.  (Doc. # 16, pp. 6-7).  However, plaintiff brings no Title VII claims against Bassett.  (See Doc. # 18, p. 1)(amended complaint "add[s] claims pursuant to [] 42 U.S.C. [§] 1983 against Jerry Bassett" and "adopts, by reference, the relevant *factual* assertions set forth in the original complaint")(emphasis added).  Thus, Bassett's motion is due to be denied to the extent he seeks dismissal of Title VII claims.  Bassett further contends that he is entitled to Eleventh Amendment immunity on plaintiff's § 1983 claims.  (Id., pp. 5-6). Plaintiff seeks only equitable relief from Bassett in his official capacity.  (Doc. # 18, ¶ 6)("Bassett is sued in his individual capacity for damages; he is sued in his official capacity

for declarative, injunctive, and other equitable relief.").

The Eleventh Amendment bars suits directly against "the State or one of its agencies or departments ... regardless of the nature of the relief sought." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-101 (1984). Further, "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.' Thus, '[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter.' And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." Id. at 101-02 (citations omitted). "'The general rule is that a suit is against the sovereign if "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," or if the effect of the judgment would be "to restrain the Government from acting, or to compel it to act."'" Id. at 101 n. 11 (quoting Dugan v. Rank, 372 U.S. 609, 620 (1963). "A plaintiff may not avoid [the Eleventh Amendment] bar simply by naming an individual state officer as a party in lieu of the State." Okpalobi v. Foster, 244 F.3d 405, 411 (5th Cir. 2001).

A judgment granting the relief plaintiff seeks would compel Bassett in his official capacity – i.e., the State of Alabama – to "reinstat[e] Plaintiff to all benefits she would have received had she not been improperly terminated[.]" (Doc. # 18, ¶ VI(b)). Accordingly – unless this case fits within an exception to the general rule set forth above – plaintiff's action against Bassett is an action against the sovereign and is barred, regardless of the relief

3

sought.

> Under the doctrine of _Ex Parte_ Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), there is a long and well-recognized exception to this rule for suits against state officers seeking prospective equitable relief to end continuing violations of federal law. ... _Ex Parte_ Young applies to cases in which the relief against the state official directly ends the violation of federal law, as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or simply to compensate the victim. ... Therefore, the Eleventh Amendment does not generally prohibit suits against state officials in federal court seeking only prospective injunctive or declaratory relief, but bars suits seeking retrospective relief such as restitution or damages. ... If the prospective relief sought is "measured in terms of a monetary loss resulting from a past breach of a legal duty," it is the functional equivalent of money damages and _Ex parte Young_ does not apply.

Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Fla. Dep't. of Health and Rehab. Services, 225 F.3d 1208, 1219-20 (11th Cir. 2000)(citations omitted).  To the extent that plaintiff seeks an injunction requiring Bassett, in his official capacity, to "reinstate" to plaintiff the compensation or other benefits that plaintiff "would have received except for [Bassett's] illegal interference with her employment" (See Amended Complaint, ¶¶ 14, 20), she seeks  retrospective compensatory relief that is barred by the Eleventh Amendment.  See id.; Edelman v. Jordan, 415 U.S. 651, 666-68 (1974)("We do not read _Ex parte Young_ ... to indicate that any form of relief may be awarded against a state officer, no matter how closely it may in practice resemble a money judgment payable out of the state treasury, so long as the relief may be labeled 'equitable' in nature."); id. at 668 (declining to uphold a portion of the district court's decree characterized by the Court of Appeals as awarding "equitable restitution" where decree "require[d] payment of state funds, not as a necessary consequence of compliance in the future with a substantive federal-question determination, but as a form

of compensation" to the plaintiffs). Plaintiff's demand for declaratory judgment against Bassett in his official capacity also seeks retrospective relief – a declaration that Bassett's past conduct violated her rights – and, thus, is barred by the Eleventh Amendment.  See Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999)("[A] plaintiff may not use the [*Ex parte Young*] doctrine to adjudicate the legality of past conduct."); Cobb v. Marshall, 481 F.Supp.2d 1248, 1258 (M.D. Ala. 2007)("*Ex parte Young* ... does not apply when the declaratory relief pertains only to past violations of federal law."). However, to the extent that plaintiff seeks an order requiring Bassett to reinstate her to her former job, she seeks prospective injunctive relief that falls within the *Ex parte Young* exception to the Eleventh Amendment bar.  Cross v. State of Alabama, 49 F.3d 1490, 1503 (11th Cir. 1995).

Accordingly, the motion to dismiss is due to be granted as to plaintiff's demands for retrospective relief against defendant Bassett in his official capacity, but denied to the extent that plaintiff seeks an injunction requiring Bassett to reinstate her to her former position.[1]

### Jerry Bassett in his Individual Capacity

Bassett, in his individual capacity, argues that he is entitled to dismissal of plaintiff's Title VII claims against him because he is not plaintiff's employer.  (Doc. # 16, pp. 7-8). Again, plaintiff asserts no Title VII claims against Bassett in any capacity.  (See Doc. # 18).

---

[1] Bassett, in his official capacity, has the authority to reinstate the plaintiff.  See Ala. Code, § 29-7-4(a)("The Director of the Legislative Reference Service may hire, either subject to the State Merit System Law or without regard to the provisions thereof, staff members and clerical help necessary to effect the purposes of this chapter.").

5

In her amended complaint, plaintiff brings claims against Bassett pursuant to 42 U.S.C. § 1983 only.  (See id., p. 1 and Section I).  The alleged constitutional violation for which plaintiff seeks relief arises under the equal protection clause; plaintiff identifies no other federal law as the underlying basis for her § 1983 claims.[2]  (See Amended Complaint, Doc. # 18, ¶¶ 29 and VI(a)).  Plaintiff claims that Bassett violated her equal protection rights by basing his decision to terminate her employment on her race, her "sex/gender," and/or her age.  (Id., ¶¶ 11, 17, 23).[3]

## Qualified Immunity

Bassett raises the defense of qualified immunity, arguing that it is "clear in this case that [he] was acting in his discretionary authority when he made lay off decisions due to the State budgetary crisis."  (Doc. # 16, p. 10).  Plaintiff does not contend otherwise.  (See Doc. # 24).  The allegations of the complaint, as amended, make clear that Bassett acted within the scope of his discretionary authority in determining which of his employees to retain and which to terminate.  See Complaint, Doc. # 1, ¶¶ 2, 9-19; Amended Complaint, Doc. # 18, ¶¶ 5, 8, 11, 17, 23; Ala. Code, Title 29, Chapter 7; id. at § 29-7-4).  Because it is undisputed

---

[2]  While she proceeds pro se, plaintiff is an attorney who was admitted to the Alabama State Bar in 1983.  (Complaint, ¶ 6).

[3]  Plaintiff's Amended Complaint lodges four "counts" against Bassett: (1) race discrimination (Count 1); (2) sex discrimination (Count 2); (3) age discrimination (Count 3); and (4) "selective and unequal treatment/denial of equal protection of the law" (Count 4)(original capitalized). She incorporates by reference all of the relevant factual allegations of her original complaint, including an allegation that Bassett chose to terminate plaintiff – a "senior black female attorney" – while he retained "two senior white male attorneys[.]"  (Doc. # 1, ¶ 9). Thus, the court understands plaintiff's amended complaint to assert equal protection claims based on her: (1) race; (2) gender; (3) age; and (4) race in conjunction with her gender.

that he acted within the scope of his discretionary authority, plaintiff bears the burden of establishing that Bassett violated her right to equal protection and "'that the right involved was "clearly established" at the time of the putative misconduct.'" Leslie v. Hancock County Board of Education, 720 F.3d 1338, 1345 (11th Cir. 2013)(citing Terrell v. Smith, 668 F.3d 1244, 1250 (11th Cir. 2012)).

In assessing Bassett's qualified immunity defense on a motion to dismiss, the court accepts the facts set forth in the complaint as true and determines whether those facts allege the violation of a clearly established constitutional right. Leslie, 720 F.3d 1343-44. Bassett is entitled to qualified immunity if plaintiff has failed either to allege the violation of a constitutional right at all, or to allege the violation of a right that was "clearly established" at the time of the challenged conduct. See Clark v. City of Atlanta, __ Fed. Appx. __, 2013 WL 6037179, *2 (11th Cir. Nov. 15, 2013)(the court uses a two-part test to determine whether qualified immunity is appropriate – "(1) whether the facts as alleged show that the officer's conduct violated a constitutional right; and, if so, (2) whether such a right was clearly established at the time of the violation" – but the court has discretion to proceed directly to the second prong)(citations omitted).

> The inquiry whether a constitutional violation is clearly established is undertaken in light of the specific context of the case, not as a broad general proposition. The relevant, dispositive inquiry in determining whether a right is *clearly* established is whether it would be *clear* to a reasonable [state official] that his conduct was unlawful in the situation he confronted. To answer this question, [the court] look[s] to law as decided by the Supreme Court, the Eleventh Circuit, or the Supreme Court of [Alabama]. The salient question ... is whether the state of the law ... gave [the defendant] *fair warning*

> that [his] alleged treatment of [plaintiff] was unconstitutional.
>
> [Plaintiff] must demonstrate that the contours of the right were clearly established in one of three ways. First, if judicial precedents in an area are tied to particular facts, [plaintiff] must show that a materially similar case has already been decided. Second, if judicial precedents are not tied to particular facts, [plaintiff] may point to a broader, clearly established principle that should control the novel facts of the situation. To succeed under this approach, the principle must be established with obvious clarity by the case law so that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted. Third, in a narrow category of matters, the conduct involved in the case may so obviously violate the constitution that prior case law is unnecessary.

Leslie, 720 F.3d at 1345-46 (citations, internal quotation marks, and alteration brackets omitted; emphases in original).

### Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v.Cleburne Living Center, 473 U.S. 432, 439 (1985).

> Different types of equal protection claims call for different forms of review. A claim that a state actor discriminated on the basis of a suspect (*e.g.*, race), quasi-suspect (*e.g.*, gender), or a non-suspect classification calls for strict, intermediate, or rational basis scrutiny, respectively. But in each instance, "to assert a viable equal protection claim, *plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.*"

Brown v. Montoya, 662 F.3d 1152 (10th Cir. 2011)(citations omitted, emphasis added). The

8

court now turns to an examination of the threshold showing as to each equal protection claim.

## Age-based Equal Protection Claim

Plaintiff alleges that she is fifty-seven years old and had worked for the Alabama Legislative Reference Service for twenty-nine years when she was laid off in May 2012. (Doc. # 1, ¶¶ 6-9, 13).  She complains that Bassett "overlooked her seniority of 29 years of experience" in favor of attorneys with "less seniority than Plaintiff[.]"  (Id., ¶¶ 16-17).[4]  She contends that the "budgetary reason" advanced for her layoff is pretextual, because "... Bassett works directly with the Alabama Legislature, which makes the final funding decisions for the State's governmental operations[,]" the "LRS serves as an arm of the Alabama Legislature itself[,]" and Bassett "has always had the ability to obtain supplemental appropriations" or "extra money whenever needed" for the LRS office.  (Id., ¶¶ 12, 19).[5] Plaintiff alleges that "Bassett did not terminate the employment of any similar [sic] situated employee less than forty (40) years old, with less seniority than Plaintiff Anthony" and she claims that Bassett's "decision to terminate Plaintiff Anthony but not to terminate a similarly situated employee less that [sic] 40 years old, with less seniority than Plaintiff Anthony, was based on an illegal criterion: age."  (Doc. # 18, ¶¶ 8, 23).  Thus, plaintiff asserts a class-based

---

[4]  Plaintiff alleges that certain employees who had less *seniority* were retained (Treadwell, Smith, Hagood, Smith and Raby) but provides the *age* of only two other employees who were not laid off: Smith ("in her late 20's [sic], and newly-hired two years ago") and Raby ("in his late 50s or early 60's [sic]").  (Doc. # 1, ¶¶ 15-17).

[5]  However, plaintiff also alleges that "the State of Alabama had financial pressures in 2011-2013" and that, from September through December 2011, "LRS' entire office was placed on furlough ... to prevent anyone from being laid off."  (Doc. # 1, ¶¶ 12, 13).

equal protection claim, defining the class by reference to a dividing line of forty years of age.[6]

Plaintiff's complaint fails to state a plausible claim for relief on her age-based equal protection claim.[7]  The facts set forth in plaintiff's pleadings do not support her conclusory allegation that the employees "less than forty (40) years old" who were not laid off are "similarly situated" to the plaintiff.  Plaintiff acknowledges one significant difference expressly; she alleges that the under-age-forty comparators have "less seniority than Plaintiff Anthony." (Doc. # 18, ¶ 8).  As a matter of common sense, any such comparators necessarily would have had far less seniority, given their relative youth and plaintiff's lengthy service. Smith, the only employee expressly identified as younger than forty years of age – she is alleged to be "in her late 20's [sic]" – "was only paid $40,000-$45,000" and was "newly-

---

[6] Plaintiff's equal protection claims must rest on allegations of class-based discrimination; "class-of-one" equal protection claims are not available in the public employment context.  See Engquist v. Oregon Department of Agriculture, 553 U.S. 591 (2008).

[7] This court's conclusion that plaintiff has failed to allege an age-based violation of her equal protection rights does not rest on any heightened pleading standard.  However, "[c]omplaints ... must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  Randall v. Scott, 610 F.3d 701, 707 n. 2 (11th Cir. 2010)(internal quotation marks omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Courts considering motions to dismiss first "eliminate any allegations in the complaint that are merely legal conclusions" and, then, determine whether the well-pleaded *factual* allegations of the complaint – assuming their veracity – "'plausibly give rise to an entitlement to relief.'" See American Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)(citing Iqbal, 556 U.S. at 679).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678. This determination is "context specific" and "requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.

hired two years" previously; plaintiff, in contrast, was earning approximately three times as much as Smith ($128,440.00) and had worked for LRS for more than fourteen times as long. (Doc. # 1, ¶¶ 7, 9, 17).  The disparity in seniority results in another significant difference between plaintiff and her purported comparators, by operation of Alabama law: when plaintiff was laid off, she was eligible for full retirement under the state employees' retirement system, but her under-age-40 comparators (including Smith) were not.[8]  See Ala. Code, § 36-27-16(a)(1)(c)(employee with twenty-five years of service is eligible for full retirement under Employees' Retirement System of Alabama), § 36-27-4 (all persons employed by the state after October 1, 1945 are members of state retirement systems).[9] Against the backdrop of the State of Alabama's expressly alleged "financial pressures in 2011-2013" (Doc. # 1, ¶ 12) – even accepting as true that Bassett had always previously been able to procure additional funding from the legislature upon request[10] – the facts alleged by plaintiff affirmatively demonstrate that she was not "similarly situated" to Smith or to any other LRS attorney under the age of forty, despite her conclusory allegation to the contrary. Disparate treatment of those similarly situated is the essence of any viable equal protection

---

[8]  Plaintiff's legislative analyst/attorney comparators would have had to enter into state employment by the age of fourteen – assuming continuous employment – to have attained full retirement eligibility before reaching the age of forty. Clearly, this is implausible.

[9]  The statute has been amended, effective January 1, 2013 (see 2012 Alabama Laws Act 2012-377); the court here refers to the version in effect at the time of the lay-off.

[10] It is not reasonable to infer from this allegation that LRS was not sharing in the "financial pressures" experienced by the State of Alabama in 2011-2013, particularly in view of plaintiff's allegation that the entire LRS office was furloughed for three months in late 2011 "to prevent anyone from being laid off" (Doc. # 1, ¶ 13).

claim.  See E & T Realty v. Strickland, 830 F.2d 1107 (11th Cir. 1987)("Different treatment of dissimilarly situated persons does not violate the equal protection clause.").  Plaintiff has failed to state a plausible age-based equal protection claim and, thus, Bassett is entitled to qualified immunity as to this claim.[11]

Additionally, even assuming that plaintiff's factual allegations are sufficient to state an age-based equal protection claim, plaintiff has failed to carry her burden of demonstrating that Bassett violated a "clearly established" equal protection right.  Plaintiff cites no cases

---

[11]   Even if the court were to overlook the "similarly situated" deficiency in plaintiff's allegations, the complaint nevertheless fails to state a plausible age-based equal protection claim. Plaintiff alleges neither a suspect classification nor the deprivation of a fundamental right.  See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 83 (2000)("[A]ge is not a suspect classification under the Equal Protection Clause."); Massachusetts Board of Retirement v. Murgia, 427 U.S. 307, 313 (1976)("This Court's decisions give no support to the proposition that a right of governmental employment Per se is fundamental."); Helm v. Liem, 523 Fed. Appx. 643, 645 (11th Cir. 2013)("[T]he right to work in a specific profession is not a fundamental right.").

> It is not easy for employees to show that job actions taken because of their age deny them the "equal protection of the laws" guaranteed by the fourteenth amendment. The Supreme Court has held that constitutional age discrimination claims are subject to the rational basis test, rather than strict or even intermediate-level scrutiny.  Under this standard, the question is not simply whether age discrimination has occurred but whether there could be *no* rational basis for applying the age-related criteria.

Izquierdo Prieta v. Mercado Rosa, 894 F.2d 467, 470-71 (1st Cir. 1990)(citations omitted).  Plaintiff expressly links the asserted illegal criterion of age to that of seniority.  (Doc. # 18, ¶¶ 8, 23)(alleging that she was treated less favorably than employees under age forty "with less seniority than Plaintiff Anthony").  While age does not correlate perfectly with seniority, it is clear that none of plaintiff's comparators could have attained sufficient seniority for full retirement eligibility before reaching the age of forty.  Thus, plaintiff's complaint – on its face – suggests a rational basis for the differential treatment between plaintiff and those under-age-40 employees with less seniority than plaintiff.  Cf. Demaree v. Fulton County School District, 515 Fed. Appx. 859 (11th Cir. 2013), *pet. for cert. filed* 82 USLW 3118 (Sep. 5, 2013)(observing, in the context of employee classification in a reduction-in-force, that on a rational-basis review, "[t]he proper inquiry is concerned with the *existence* of a **conceivable rational basis**, not whether that basis was actually considered")(emphasis in italics in original, bold-type emphasis added).

12

from the United States Supreme Court, the Alabama Supreme Court, or the Court of Appeals

for the Eleventh Circuit finding an equal protection violation on "materially similar" facts,

nor does she direct the court to precedent from these courts demonstrating the existence of

"a broader, clearly established principle" of law dictating a conclusion that Bassett violated

plaintiff's equal protection rights on the facts alleged.  Leslie, 720 F.3d at 1345-46.  The

court has found no case law establishing "with obvious clarity" (id.) a principle rendering it

obvious to "every objectively reasonable government official facing the circumstances" (id.)

alleged by plaintiff that choosing her for layoff based on her age of 57, while retaining

employees under the age of forty and with less seniority, would violate her equal protection

rights.  The final avenue available for plaintiff to overcome Bassett's qualified immunity

defense is to demonstrate that this case falls within a "narrow category of matters [in which]

the conduct involved in the case [] so obviously violate[s] the constitution that prior case law

is unnecessary." Id. Plaintiff has not argued that this case falls within this "narrow category,"

and the court concludes that it does not. Cf. Kimel, 528 U.S. at 86-88 ("The [ADEA],

through its broad restriction on the use of age as a discriminating factor, prohibits

substantially more state employment decisions and practices than would likely be held

unconstitutional under the applicable equal protection rational basis standard.  The ADEA

makes unlawful, in the employment context, all 'discriminat[ion] against any individual ...

because of such individual's age.' ... [T]he ADEA standard and the rational basis test are

'significantly different[.]' ... Measured against the rational basis standard of our equal

protection jurisprudence, the ADEA plainly imposes substantially higher burdens on state

13

employers[,] ... at a level akin to our heightened scrutiny cases under the Equal Protection clause.")(citations omitted).  For this additional reason, Bassett is entitled to prevail on his qualified immunity defense to plaintiff's age-based equal protection claim.

<u>Race-based and Gender-based Equal Protection Claims</u>

"The Equal Protection Clause ensures a right to be free from intentional discrimination based upon race ... and gender[.]  Accordingly, [the Eleventh Circuit has] recognized an equal protection right to be free from employment discrimination ... and [has] found various race- and gender-based employment decisions by public officials ... in violation of that constitutional right[.]" <u>Williams v. Consolidated City of Jacksonville</u>, 341 F.3d 1261, 1268 (11th Cir. 2003)(citations and footnote omitted).  As noted above, plaintiff has identified two white male senior attorney comparators, neither of whom were chosen by Bassett for layoff.  <u>See</u> p. 2 and p. 3 n. 3, *supra*.  Plaintiff's allegations are sufficient to state equal protection claims based on her race and gender.  Additionally, Bassett's conduct in choosing plaintiff for layoff based on her race and gender – accepting plaintiff's factual allegations as true – violated plaintiff's clearly established constitutional right to equal protection of the laws.  <u>See</u> <u>Lawson v. Curry</u>, 244 Fed. Appx. 986, 988-989 (11th Cir. 2007)("'It is beyond doubt' that there is a federal equal protection right to be free from racial discrimination, that this right is clearly established, and that it extends into the employment context. ... Additionally, since at least 1979, it has been established that there is a federal equal protection right to be free from intentional sex discrimination in public

14

employment.")(citations omitted).  Thus, Bassett is not entitled to qualified immunity as to plaintiff's race- and gender-based equal protection claims.

## Attorney's Fees

Defendants argue that plaintiff may not recover attorney's fees for representing herself in this action. (Doc. # 16, p. 10).  Plaintiff concedes this point. (Doc. # 24, p. 7). Accordingly, the motion to dismiss is due to be granted as to plaintiff's demand for attorney's fees.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that defendants' motion to dismiss (Doc. # 15) be GRANTED to the extent that plaintiff: (1) demands attorney's fees for representing herself, (2) seeks retrospective relief (including declaratory judgment) against Bassett in his official capacity, and (3) asserts an age-based equal protection claim against Bassett in his individual capacity. The undersigned recommends that the motion be DENIED in all other respects.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before December 6, 2013. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the

15

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 22nd day of November, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE